**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

In re:

LARRY ALLEN CLUCHEY,

                Debtor.
_____/

WORLD ENERGY INNOVATIONS,
LLC, f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC,

                Plaintiff

    v.

LARRY ALLEN CLUCHEY,

SHERRY D. CLUCHEY,

                Defendants.
_____/

Case No. 21-00524-jwb

Chapter 7

Adversary Proceeding No. 21-80053

### DEFENDANT SHERRY D. CLUCHEY'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS COUNT IV, COUNT V, COUNT VI, AND COUNT VII

NOW COMES Defendant Sherry D. Cluchey ("Mrs. Cluchey"), by and through her attorneys, CBH Attorneys & Counselors, PLLC, and for her Brief in Support of her Motion to Dismiss Counts IV, V, VI, and VII of Plaintiff World Energy Innovations, LLC's ("WEI") complaint against her, states as follows:

**I.      Background**

On March 2, 2021, Debtor Defendant Larry Allen Cluchey ("Mr. Cluchey") filed for protection under Chapter 7 of the United States Bankruptcy Code. Mr. Cluchey is an owner and President of American Research Products, Inc. ("ARP"), a Michigan corporation. See Complaint, ¶ 47. WEI is a judgment creditor of ARP. *Id.* at ¶ 156. Mrs. Cluchey did not file for bankruptcy

protection and had little to no involvement in ARP.  *Id.* at ¶ 10 (referring to ARP as "Mr. Cluchey's wholly owned alter ego business entity").

Pursuant to this Adversary Proceeding, WEI brings 10 Counts, four of which are relevant for this motion.  Specifically, as against Mrs. Cluchey, WEI brings Count IV for Violations of the Michigan Uniform Voidable Transactions Act ("MUVTA") under MCL 566.34(1)(a); Count V for violations of MUVTA under MCL 566.34(1)(b); Count VI for violations of MUVTA under MCL 566.35(1); and Count VII for violations of MUVTA under MCL 566.35(2) (the "claims").  Mrs. Cluchey is not a debtor.  The claims are purely based in state law.

## II.     Standard of Review

Mrs. Cluchey brings her Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012(b).

A motion to dismiss under Rule 12(b)(1) is appropriate where the Court "lack[s] subject matter jurisdiction."  An attack on subject matter jurisdiction under Rule 12(b)(1) can be a "facial attack" or a "factual attack."  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990).  "A *facial* attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading."  *Id.*  In reviewing a facial attack on subject matter jurisdiction, the Court must accept all allegations of the complaint as true, similar to a motion to dismiss under Rule 12(b)(6).  *Id.*   By arguing this Court lacks subject matter jurisdiction, Mrs. Cluchey asserts a facial attack on this Court's subject matter jurisdiction.  Accordingly, the Court must accept all allegations of the complaint as true.

A motion to dismiss under Rule 12(b)(6) is appropriate where the complaint "fail[s] to state a claim upon which relief can be granted."  In reviewing a motion under Rule 12(b)(6), the court must "accept all factual allegations [in the complaint[ as true" and "construe all inferences from

those allegations in favor of the plaintiff." *Kravitz v. Summersett (In re Great Lakes Comnet, Inc.)*, 558 B.R. 1, 10 (Bankr. W.D. Mich 2018). By incorporating Mr. Cluchey's Brief in Support of his Motion to Dismiss (see below), Mrs. Cluchey asserts that WEI has failed to state a claim upon which relief can be granted. Again, the Court must accept all allegations of the complaint as true.

### III.    Arguments

#### a. Mrs. Cluchey Incorporates Mr. Cluchey's Brief in Support of his Motion to Dismiss

Mrs. Cluchey hereby incorporates the arguments set forth in Mr. Cluchey's Brief in Support of his Motion to Dismiss. See **[DN 11]**. Specifically, Mrs. Cluchey agrees with Mr. Cluchey's argument that WEI's claims do not fall under Federal Rule of Bankruptcy Procedure 7001 and, therefore, were improperly brought as an adversary proceeding. In addition to Mr. Cluchey's argument, Mrs. Cluchey further submits that WEI seeks a money judgment from Mrs. Cluchey for its own benefit and does not seek to recover money or property for the estate. See Complaint, ¶¶ 221, 227, 232, and 239; F. R. Bankr. P. 7001(1). Moreover, Mrs. Cluchey adds that, on April 27, 2021, Trustee Meoli issued a Joint Claims Notice advising Creditors of Mr. Cluchey that, if they had a joint claim against Mr. and Mrs. Cluchey, they should file a joint claim in order to receive "payments on your claim from the liquidations of entireties property which the Debtor has claimed exempt." See *In re Trickett*, 14 B.R. 85 (Bankr. W.D. Mich. 1981). Thus, the proper avenue to pursue a "claim" against Mrs. Cluchey in bankruptcy court was to file a joint claim and allow the Trustee to evaluate the strength of the claim as the Code commands. 11 U.S.C. § 704; *Cf. In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 7 (S.D.N.Y. 2007).

#### b. This Court Lacks Subject Matter Jurisdiction Over the Claims

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

3

Pursuant 28 U.S.C. 1334(b), congress conferred subject matter jurisdiction to bankruptcy courts over "all cases arising under title 11, or arising in or related to cases under title 11." In other words, "[b]ankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n. 6 (1994). For example, where the relevant claims "are state law claims that are being asserted against a non-debtor, by parties who are neither the debtor nor the trustee in the bankruptcy case," subject matter jurisdiction does not exist. *Miller v. Bruemmer (In re Bruemmer Dev., LLC)*, 515 B.R. 551, 556 (Bankr. E.D. Mich. 2014). Similarly, where the "outcome of the dispute" will not result in creditors receiving a "distribution," the Court may lack subject matter jurisdiction. *Swain v. United States*, 437 B.R. 549, 562 (Bankr. E.D. Mich. 2010).

In the present case, this Court lacks subject matter jurisdiction to hear WEI's claims against Mrs. Cluchey. Pursuant to this adversary proceeding, WEI brings state law fraudulent transfer claims against Mrs. Cluchey. Pursuant to each claim, WEI seeks a money judgment against Mrs. Clutchey for its own benefit, not for the benefit of the estate. Pursuant to Count IV, WEI alleges that ARP, a non-debtor, made transfers to or for the benefit of Mrs. Cluchey, a non-debtor. In Count V, WEI alleges that ARP, a non-debtor, engaged in a transaction for which its remaining assets were unreasonably small in relation to the transaction at hand to the benefit of Mrs. Cluchey, a non- debtor. Pursuant to Count VI, WEI alleges that ARP, a non-debtor, made transfers while insolvent without receiving reasonable equivalent value in exchange to the benefit of Ms. Cluchey, a non-debtor. Count VII, alleges, that AFP, a non-debtor, made preferential payments to Ms. Cluchey, a non-debtor. These "are state law claims that are being asserted against a non-debtor, by [a] pary[y] [that is] neither the debtor nor the trustee in the bankruptcy case." *Bruemmer*, 515 B.R. at 556. There is no potential for the claims to result to any distributions to Debtor's, Mr.

4

Cluchey, creditors. *Swain*, 427 B.R. at 562. Accordingly, they "have no effect on the estate of the debtor" and must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) as incorporated by Federal Rule of Bankruptcy Procedure 7001(b). *Celotex Corp.*, 514 U.S. 300 at 308 n. 6.

### IV. Conclusion

Pursuant to the claims, WEI, which is neither a debtor nor trustee, seeks a money judgment against a non-debtor, Mrs. Cluchey, for fraudulent transfers made by a third-party, non-debtor, ARP. The Bankruptcy Court is not the proper avenue for these claims. Indeed, the claims will "have no effect on the estate of the debtor." *Id.* Thus, this Court lacks subject matter jurisdiction over WEI's claims against Mrs. Cluchey and the claims must be dismissed under Rule 12(b)(1). To the extent WEI is able to pursue recovery from Mrs. Cluchey in bankruptcy, it must do so through the joint claim forum in Mr. Cluchey's bankruptcy. See *Trickett*, 14 B.R. at 85. Thus, WEI's claims also fail to state a claim and must be dismissed under Rule 12(b)(6).

Respectfully submitted,

CBH Attorneys & Counselors, PLLC

Dated: June 14, 2021

By: /s/ *Steven M. Bylenga*
Steven M. Bylenga (P73492)
Andrew R. McInnis (P83626)
Attorneys for Defendant Sherry D. Cluchey
25 Division Ave S., Suite 500
Grand Rapids, MI 49503
(616) 608-3061