UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

LARRY ALLEN CLUCHEY,

Debtor.

Case No. 21-00524-jwb

Chapter 7

WORLD ENERGY INNOVATIONS, LLC, f/d/b/a WORTHINGTON ENERGY INNOVATIONS, LLC,

Plaintiff

v.

LARRY ALLEN CLUCHEY,
SHERRY D. CLUCHEY,

Defendants.

Adversary Proceeding No. 21-80053-jwb

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SHERRY D. CLUCHEY'S MOTION TO DISMISS COUNT IV, COUNT V, COUNT VI, AND COUNT VII [RELATED TO DOC # 18]**

Plaintiff, World Energy Innovations, LLC, formerly doing business as Worthington Energy Innovations, LLC ("WEI"), by and through undersigned counsel, hereby submits the following response in opposition to Defendant Sherry D. Cluchey's Motion to Dismiss Count IV, Count V, Count VI, and Count VII (the "Motion to Dismiss") as follows:

**Preliminary Statement**

1. The arguments made in the Motion to Dismiss ignore applicable precedent of the United States Court of Appeals for the Sixth Circuit and should be summarily denied. The claims against Debtor, Larry Allen Cluchey, and his non-filing spouse, Sherry D. Cluchey, are intrinsically intertwined and will affect the administration of Mr. Cluchey's estate. Mr. and Mrs.

Cluchey together own, as tenants by the entireties, a substantial unencumbered asset—their residence—for which the only mortgage was paid off in May 2020 with an avoidable transfer of money originating from Mr. Cluchey's wholly controlled, alter ego business, American Research Products, Inc. ("ARP"). Determining the claims asserted by WEI against Mr. and Mrs. Cluchey, jointly, will establish WEI's entitlement to be paid the proceeds of any liquidation of Mr. and Mrs. Cluchey's residence in conjunction with an objection to the exemption Mr. Cluchey has asserted and is still subject to challenge. The determination of the claims asserted jointly against Mr. and Mrs. Cluchey will affect the amount of the exemption available and therefore the administration of Mr. Cluchey's estate and a potential distribution to Plaintiff, WEI.

2. Given that WEI is substantively Mr. Cluchey's only creditor (and the avoidable transfer was largely of funds that WEI had paid to ARP under a contract it did not perform), this Court certainly has at least "related to" jurisdiction to adjudicate the claims asserted against Mrs. Cluchey, in conjunction with the claims against Mr. Cluchey. Moreover, certain of Counts IV, V, VI, and/or VII, may establish further personal liability of Mr. Cluchey for which WEI seeks a determination of nondischargeabililty under Count VIII (11 U.S.C. § 523(a)(2)(A)) and Count IX (11 U.S.C. § 523(a)(6)), which Mr. Cluchey has not sought to dismiss and has already answered.

3. In her Motion to Dismiss, Mrs. Cluchey incorrectly asserts that this Court lacks jurisdiction to adjudicate state law causes of action against her because both she and WEI are third parties to the bankruptcy case. As is noted by two of the cases Mrs. Cluchey cites, the Sixth Circuit adopted the very broad "conceivable effects" test enunciated by the Third Circuit in *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3rd Cir. 1984). *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1140 (6th Cir. 1991); *Miller v. Bruemmer (In re Bruemmer Dev., LLC)*, 515 B.R. 551, 555–56 (Bankr. E.D. Mich. 2014); *Swain v. United*

*States*, 437 B.R. 549, 554 (Bankr. E.D. Mich. 2010). Under that test, a bankruptcy court has jurisdiction over any claim that could conceivably (not definitely) affect "the debtor's rights, liabilities, options, or freedom of action (either positively or negative) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Wolverine Radio*, 930 F.2d at 1142 (quoting *Pacor*, 743 F.2d at 994). The instant case is not a close call. Mrs. Cluchey's liability is directly tied to Mr. Cluchey's asserted tenancy-by-the-entireties exemption in a substantial unencumbered asset—rendered unencumbered through the improper use of WEI's funds paid to ARP for contractual obligations it failed to perform—and will unquestionably impact the administration of Mr. Cluchey's estate and his only substantive creditor, WEI. Further, since the claims against Mrs. Cluchey are also asserted against Mr. Cluchey, a determination of liability as to one will necessarily determine liability as to the other, as joint transferees of voidable transfers, such that these claims are appropriately asserted and determined within this adversary proceeding.

**Procedural History**

4. Mr. Cluchey filed his chapter 7 petition on March 2, 2021, and his case not been converted or dismissed.

5. In his Schedule A/B (Dkt. No. 1), Mr. Cluchey listed his residence, 7095 Mindew Drive SW, Byron Center, MI 49315, as jointly owned with his non-filing spouse, Sherry D. Cluchey, as tenants by the entireties, with a value of $250,000.00. *See* Schedule A/B (Dkt. No. 1) at ECF Page 10 of 59. He claimed the full value was exempt on Schedule C, and disclosed on Schedule D that it is unencumbered. *See* Schedule C (Dkt. No. 1) at ECF Page 17 of 59; Schedule D (Dkt. No. 1) at ECF Page 21 of 59.

6. On March 31, 2021, the Chapter 7 Trustee, Marcia R. Meoli (the "Trustee"), held the meeting of creditors, but adjourned it until April 28, 2021. The Trustee has since adjourned the meeting several times and it is currently scheduled to be held on July 21, 2021, subject to further adjournment. Accordingly, a party in interest can still timely file an objection to the tenancy-by-the-entireties exemption asserted by Mr. Cluchey in his and Mrs. Cluchey's unencumbered residence pursuant to Rule 4003(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

7. As alleged in the Complaint, Mr. Cluchey subsequently disclosed at his initial meeting of creditors on March 31, 2021, that "he paid off the Second HELOC Mortgage [as defined in the Complaint] with his company's funds—funds of ARP—in May 2020, and subsequent to filing his Voluntary Petition Comerica Bank released the Second HELOC Mortgage." Complaint at 35, ¶ 139 (Dkt. No. 1), ECG Page 35 of 66.

8. On April 27, 2021, the Trustee filed a Joint Claims Notice (Dkt. No. 23) (the "Joint Claims Notice") in Mr. Cluchey's chapter 7 case, which set a deadline for creditors to file "joint claims" in order to receive distributions "from the liquidation of real estate owned jointly by the Debtor and the Debtor's spouse (entireties property)." *See* Joint Claims Notice, *In re Cluchey*, Case No. 21-00524-jwb (Bankr. W.D. Mich. April 27, 2021) (Boyd, J.), ECF No. 23.

9. On May 14, 2021, WEI filed its Complaint For Money Judgment, To Avoid And Recover Voidable Transactions And Determine Joint Debt, And To Determine Dischargeability Of Debt (the "Complaint") (Dkt. No. 1).

10. Also on May 14, 2021, WEI filed its Joint Claim (the "Joint Claim"), Claim No. 1 on the Court's claims register, which asserts joint claims against Mr. and Mrs. Cluchey of at least $73,617.43, plus additional, presently unknown amounts. These joint claims are encompassed by

the claims asserted in Counts IV, V, VI, and VII of the Complaint, as summarized in the prayer for relief. *See* Complaint at 65, ¶ B (Dkt. No. 1), ECF Page 65 of 66. A copy of the Complaint was attached to the Joint Claim. And a copy of the Joint Claim, without the voluminous Complaint that was attached when filed, is attached as Exhibit A.

11. On June 11, 2021, Mr. Cluchey filed a Motion to Dismiss Count I, Count II, and Count III, as well as Count IV, Count V, Count VI, and Count VII (Dkt. No. 11).

12. That same day, Mr. Cluchey also filed an answer (the "Original Answer") (Dkt. No. 12). On June 14, 2021, Mr. Cluchey filed a corrected answer (the "Corrected Answer") (Dkt. No. 14) and a separate document titled "Defendant Larry Allen Cluchey's Affirmative Defenses" (the "Affirmative Defenses Document") (Dkt. No. 15). The Original Answer, Corrected Answer, and Affirmative Defenses Document are collectively referred to herein as the "Answer."[1]

13. On June 14, 2021, Mrs. Cluchey filed her Motion to Dismiss.

14. On June 17, 2021, at the Trustee's request, the Clerk of Court issued a Notice of Possible Dividend to Creditors (Dkt. No. 32, Case No. 21-00524-jwb). Plaintiff has until mid-September to file a proof of claim, separate and apart from its Joint Claim, in response to that Notice which was issued pursuant to Rule 3002(c)(5) of the Bankruptcy Rules.

**Background**

15. The Complaint recites the lengthy factual background to this adversary proceeding, which WEI incorporates by reference herein without restating the same. Although the factual background is developed and detailed, and more than adequately supports the claims asserted in Counts IV through VII, the claims themselves are plainly stated. Mr. Cluchey had no issue in

[1] The Original Answer included a recitation of affirmative defenses at the end. It appears that the only difference between the Original Answer and the Corrected Answer is that the Corrected Answer is signed and the affirmative defenses were moved to the separate Affirmative Defenses Document.

answering the detailed factual background, and Mrs. Cluchey has not had any issue clearly identifying such claims within her Motion to Dismiss.

16. As set forth in the Complaint, WEI's claims originated from a contract entered into with Mr. Cluchey's wholly controlled and operated[2] alter ego business entity, ARP. Complaint at 3, ¶ 10 (Dkt. No. 1), ECF Page 3 of 66. The contract that WEI entered into with ARP was for the design, manufacture, and engineering of high pressure adiabatic humidification systems. WEI agreed to purchase, and ARP agreed to manufacture and deliver, a total of ten (10) adiabatic humidifier systems for installation and use at the Memorial Sloan Kettering Cancer Center in New York, New York. Complaint at 3, ¶ 11 (Dkt. No. 1), ECF Page 3 of 66.

17. This is an action, in part, to establish the personal liability of Mr. Cluchey to WEI for the judgment that has already been entered against ARP, in favor of WEI, and to enter a money judgment against him based upon the fraud he perpetrated upon WEI and because ARP's corporate veil should be pierced because it is Mr. Cluchey's alter ego, which he has used to defraud WEI. Complaint at 3, ¶ 12 (Dkt. No. 1), ECF Page 3 of 66. Further detailed factual background is set forth in the Complaint at 4-5, ¶¶ 13-19, as well as the Background and Facts section of the Complaint at 6-48, ¶¶ 23-189.

18. With respect to ARP, WEI has already obtained a final judgment against ARP in Case No. 3:20-cv-01454-JZ (N.D. Ohio April 19, 2021), ECF No. 24 for the amount of $1,938,150.27, which is attached to the Complaint as Exhibit FF; however, WEI has no prospect

[2] Technically, Dale Rueckert was originally involved and purchased common shares for $2,000, but Mr. Cluchey has made clear that Mr. Rueckert purchased no further shares, Mr. Rueckert lives and works in Wisconsin (where ARP does not have an office), and Mr. Rueckert has no role in the day-to-day management or operation of ARP, which was solely controlled, overseen and conducted by Mr. Cluchey in Michigan. *See* Complaint at 8-10, ¶ 35 (Dkt. No. 1), ECF Pages 8-10 of 66.

of recovering these amounts except as against the Defendants herein given that Mr. Cluchey has retired, shut down ARP, and ARP has no assets. *See* Complaint at 42, 47 ¶¶ 168(s) and (t), 184.

19. As it concerns Mr. and Mrs. Cluchey, this adversary proceeding is also an action, in part, to avoid and recover from them, as joint debts, certain fraudulent, voidable, and preferential transfers of ARP's money, much of which had been paid by WEI to ARP for the performance of ARP's obligations to WEI—to build certain adiabatic humidifier systems under the Contract (as defined in the Complaint)—a Purchase Order #18126-013052-020119 for a total purchase price of $1,043,695.00. *See* Complaint at 3, 5, and 16, ¶¶ 11, 20, and 63 (Dkt. No. 1), ECF Pages 3, 5, and 16 of 66.

20. The fraudulent, voidable and preferential transfers at issue in Counts IV, V, VI, and VII are described in the Complaint, in several places. *See* Complaint at 45, ¶¶ 172-174; at 48, ¶¶ 187-189; at 56-57, ¶ 218 (Count IV). Further, WEI has expressly reserved the right to, and has put all parties on notice that it may, amend its Complaint to include any other transfers that ARP made, which may be identified through the course of discovery, including but not limited to any funds of ARP, or funds that should have been paid to ARP, that were used to pay prior mortgages on Mr. and Mrs. Cluchey's residence at 7095 Mindew Drive SW, Byron Center, Michigan 49315. *See* Complaint at 48, ¶ 189 (Dkt. No. 1).

21. As is alleged in the Complaint and supported with a copy of the negotiable instrument by which the transfer was made, on May 15, 2020, Mr. Cluchey caused his wholly controlled business, ARP, to issue a check in the amount of $71,807.67 to Comerica Bank to pay off the entire balance due and owing on the only mortgage against his and Mrs. Cluchey's residence. *See* Complaint at 31-35, ¶¶ 123-141 (Dkt. No. 1). And he did this a mere two days after he repudiated the very contract with WEI under which WEI had paid ARP $96,320.78 only

two and half weeks before (without returning any of those funds to WEI). *See* Complaint at 4, ¶ 15. This and other categories of transfers of ARP's assets as alleged in the Complaint (*see* pp. 35-37, 45, and 48) form the basis for the claims alleged in Counts IV through VII.

22. As to the Second HELOC Transfers[3] used to pay down and pay off the equity line of credit on their residence, and as to certain AmEx Transfers[4] used to pay personal expenses, the claims are asserted jointly against Mr. and Mrs. Cluchey, under the cited provisions of the Uniform Voidable Transactions Act—MCL 566.34(a)(1) (Count IV), MCL 566.34(1)(b) (Count V), MCL 566.35(1) (Count VI), and MCL 566.35(2) (Count VII). Mrs. Cluchey is named as a Defendant because she was a person and insider for whose benefit the transfers of ARP's assets—the Second HELOC Transfers and AmEx Transfers (along with any Transfers identified through the course of discovery)—were made.

23. As Mr. Cluchey has already admitted in his Answer to the Complaint, WEI's claim against him for personal liability was the sole reason for his bankruptcy case and WEI is, substantively, his only creditor, apart from a small number of very negligible claims. *See* Complaint at 39-44, ¶¶ 162-171 (Dkt. No. 1); (Corrected) Answer at 52-61, ¶¶ 162-171 (Dkt. No. 14) (admitting many of the allegations of the Complaint).

---

[3] As defined in the Complaint and incorporated by reference herein, the term "Second HELOC Transfers" means "an aggregate amount of $1,809.76 in minimum (i.e., interest) payments on the Second HELOC, plus the $71,807.67 payoff of the Second HELOC—a total of $73,617.43, which reduced their respective liability on the Second HELOC and increased their equity in 7095 Mindew." The term "Second HELOC," in turn, is defined in the Complaint and incorporated by reference herein to mean "a second home equity line of credit with Comerica Bank [taken out on or about August 12, 2019 by Mr. and Mrs. Cluchey], account number xxxxxxx1128, in the amount of $75,200.00, by executing a Credit Agreement and Disclosure Statement—Home Equity Line of Credit.

[4] As defined in the Complaint and incorporated by reference herein, the term "AmEx Transfers" means "amounts to AmEx [American Express] on account of the ARP AmEx credit card account [a Business Gold Rewards credit card, account ending x-x1009, that Mr. Cluchey used on a day-to-day basis to pay both his business and personal expenses, including but not limited to meals, food, fuel, travel (lodging and air fare), and other purchases] and/or the Cluchey AmEx credit card [personal AmEx Gold Delta SkyMiles credit card, account ending x-x1001, for which certain charges were paid with ARP funds], which Mr. Cluchey used to pay personal expenses, including upon information and belief, certain of the personal, family, and household expenses of Mr. Cluchey and/or Mrs. Cluchey.

## Argument

### I. Legal Standard Applicable to Motions to Dismiss

24. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court is required to "accept all factual allegations [in the complaint] as true" and to "construe all inferences from those allegations in favor of the plaintiff." *Kravitz v. Summersett (In re Great Lakes Comnet, Inc.),* 588 B.R. 1, 10 (Bankr. W.D. Mich. 2018) (citing *Gavitt v. Born*, 835 F.3d 623, 639-40 (6th Cir. 2016)).

25. As this Court previously noted in *In re Ahlan Indus., Inc.*, the standard that applies to a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) varies depending on the type of jurisdictional "attack" raised:

> A "facial attack" on the court's jurisdiction under Rule 12(b)(1), which challenges "the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharmaceutical Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (citation omitted); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (when reviewing a facial attack, "a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss"). By contrast, when a 12(b)(1) motion presents a "factual attack" on the court's jurisdiction, no presumption applies to the truthfulness of the factual allegations in the complaint and the court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Ohio Nat'l Life Ins.*, 922 F.2d at 325.

*In re Ahlan Indus., Inc.*, No. AP 20-80136, 2021 WL 2134654, at *5 (Bankr. W.D. Mich. May 25, 2021).

26. Here, the Motion to Dismiss presents a facial attack on the Court's jurisdiction over Mrs. Cluchey—she does not challenge the facts underlying the Court's authority and agrees with this assessment in her Motion to Dismiss. Accordingly, the Court should accept the factual allegations in the Complaint as true for purposes of ruling on the Motion to Dismiss.

## II. Mrs. Cluchey's Motion to Dismiss Counts IV through VII Should Be Denied

27. In her Motion to Dismiss, Mrs. Cluchey asserts that Counts IV through VII of the Complaint should be dismissed for lack of subject matter jurisdiction. This is the only argument asserted, apart from simply incorporating by reference the arguments concerning Bankruptcy Rule 7001 set forth in the Motion to Dismiss (Dkt. No. 11) filed by Mr. Cluchey. WEI has addressed Bankruptcy Rule 7001 in its response to Mr. Cluchey's Motion to Dismiss, filed contemporaneously herewith, which is likewise incorporated by reference herein to the extent Mrs. Cluchey incorporates those arguments in her Motion to Dismiss.

28. Mrs. Cluchey has not attacked the validity of the claims stated in Counts IV through VII based upon the applicable provisions of Michigan's UVTA, under Rule 12(b)(6) or otherwise. And as set forth in the response by WEI to the Motion to Dismiss filed by Mr. Cluchey (Dkt. No. 11), filed contemporaneously, as well as in this Response, said claims are adequately stated. In short, there is no basis alleged by Mrs. Cluchey to dismiss the claims under either Rule 12(b)(6) or 12(b)(1), nor to dismiss the claims with prejudice or to award any attorney's fees in this circumstance.

29. Instead, Mrs. Cluchey's lone, separately raised argument is that because these Counts are state law claims being asserted against a non-debtor by a party that is not the debtor or the trustee, they will (a) not result in any distributions to Mr. Cluchey's creditors and (b) will have no effect on the Debtor's estate. These assertions are incorrect. As a basic matter, the claims

asserted jointly against Mr. and Mrs. Cluchey are the basis for both a party in interest to object to Mr. Cluchey's claimed tenancy-by-the-entireties unencumbered residence, as well as to WEI's entitlement to the proceeds of any liquidation or funds paid to resolve the exemption issues. Moreover, they are the same claims asserted against Mr. Cluchey, for which WEI has sought a determination of nondischargeability under Counts VIII and IX, in response to which Mr. Cluchey has already filed his Answer. The establishment of the joint claims asserted against Mr. and Mrs. Cluchey, as well as the recovery that WEI may realize as a creditor, certainly brings these claims within the scope of this Court's subject matter jurisdiction.

30. Even though WEI filed its Joint Claim in response to and in accordance with the Joint Claims Notice, Mrs. Cluchey is nonetheless a properly named co-Defendant to the voidable transfer claims jointly alleged against her and Mr. Cluchey. WEI has properly named her as a Defendant to this adversary proceeding. The procedural protections of an adversary proceeding clearly establish this Court's jurisdiction over her to determine Count IV, V, VI and VII against her and her interest in the entireties property. Surely, this fits within the bounds of a bankruptcy court's "related to" jurisdiction within the Sixth Circuit. And this approach is in keeping with the intent of *In re Trickett*, 14 B.R. 85 (Bankr. W.D. Mich. 1981) and subsequent decisions regarding the administration of joint claims, which makes such adjudication more efficient and less cumbersome by eschewing the old pre-Bankruptcy Code practice of deferring discharge for the joint claims to be litigated elsewhere, and keeping them before the bankruptcy court.

31. Bankruptcy courts have subject matter jurisdiction over "all cases under title 11" and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b). WEI asserts that the Court has at least "related to" jurisdiction over the claims against Mrs. Cluchey.

32. In *Wolverine Radio Co., Inc.*, the Sixth Circuit adopted the "conceivable effects" test enunciated by the Third Circuit in *Pacor*:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1142 (6th Cir. 1991) (emphasis in original) (quoting *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3rd Cir.1984) (emphasis in original). As the Sixth Circuit recognized in *In re Dow Corning Corp.*:

> The "emphatic terms in which the jurisdictional grant is described in the legislative history, and the extraordinarily broad wording of the grant itself, leave us with no doubt that Congress intended to grant to the district courts broad jurisdiction in bankruptcy cases." *In re Salem*, 783 F.2d at 634. Although "situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement" of Section 1334(b), *Robinson v. Mich. Consol. Gas Co.*, Inc., 918 F.2d 579, 584 (6th Cir.1990), Congressional intent was "to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, [308], 115 S.Ct. 1493, 1499, 131 L.Ed.2d 403 (1995) (citations omitted).

*In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996), *as amended on denial of reh'g and reh'g en banc* (June 3, 1996). In short, the bankruptcy court has jurisdiction over claims that are in any way connected to the bankruptcy estate, even when the proceeding is not against the debtor or against the debtor's property, except for when a claim's connection to the estate is "extremely tenuous." *Wolverine Radio*, 930 F.2d at 1142.

33. The connection between the bankruptcy estate and WEI's claims against Mrs. Cluchey in Counts IV through VII is strong for two independently sufficient reasons.

34. First, WEI's claims against Mrs. Cluchey will necessarily have an impact on Mr. Cluchey's claimed tenancy-by-the-entireties exemption. When he filed his bankruptcy petition, Mr. Cluchey declared a tenancy-by-the-entireties exemption in his residential real property pursuant to MCL 600.5451(1)(n). *See* Schedule C (Dkt. No. 1, Case No. 21-00524-jwb), ECF Page 17 of 59. A judgment against Mr. and Mrs. Cluchey on any of Counts IV through VII would support both an objection to the exemption, thereby bringing assets into the estate, as well as WEI's entitlement to those proceeds. Litigating claims related to a tenancy-by-the-entireties exemption within an adversary proceeding is not novel. *See, e.g.*, *Liberty State Bank & Trust v. Grosslight (In re Grosslight)*, 757 F.3d 773, 777 (6th Cir. 1985); *Lee v. Field (In re Lee)*, 889 F.3d 639, 644-46 (9th Cir. 2018). In fact, there is precedent in this district for a suit against a husband and wife to determine fraudulent conveyance claims related to a tenancy-by-the-entireties property owned by the debtor and his non-filing spouse. *See, e.g. Lasich v. Wickstrom (In re Wickstrom)*, 113 B.R. 339 (Bankr. W.D. Mich. 1990).

35. Second, because WEI alleges that Mr. and Mrs. Cluchey are jointly liable for certain of the claims asserted in Counts IV through VII, a determination of liability as to one will necessarily determine liability as to the other, which is sufficient to bring the claims within the Court's "related to" jurisdiction.

36. The foregoing are "conceivable effects" warranting this Court's "related to" jurisdiction. *See Abramowitz v. Palmer*, 999 F.2d 1274, 1278 (8th Cir.1993) (bankruptcy court may exercise related to jurisdiction over fraud claims asserted jointly against debtor and non-debtor spouse in action to determine dischargeability of those claims as to debtor); *In re Zinchiak*,

280 B.R. 117, 127 (Bankr. W.D. Pa. 2002), *subsequently aff'd*, 406 F.3d 214 (3rd Cir. 2005) (court has related to jurisdiction to determine deficiency claim against debtor's non-filing spouse because court could not determine as to debtor without determining as to non-filing spouse). This is in keeping with the view that under the Bankruptcy Code "[b]ankruptcy courts are to be an efficient means of disposing of a debtor's entire bankruptcy estate, [] and any 'interpretation of ['related to' jurisdiction] must . . . avoid the inefficiencies of piecemeal adjudication and promote judicial economy by aiding in the efficient and expeditious resolution of all matters connected to the debtor's estate." *Palmer*, 999 F.2d at 1278 (citing *In re Salem Mortg. Co.*, 783 F.2d 626, 633 (6th Cir. 1986) and quoting *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 787 (11th Cir. 1990) (citations omitted)).

37. In either case, adjudication of Counts IV through VII will unquestionably affect Mr. Cluchey's rights, liabilities, options, or freedom of action and will impact the handling and administration of the bankruptcy estate, as well as WEI's potential recovery from the most significant currently known asset of his estate, the unencumbered residence owned by Mr. and Mrs. Cluchey as tenants by the entireties.

38. The Sixth Circuit, recognizing as much, has expressly found that bankruptcy courts have "related to" jurisdiction when joint claims are asserted against both a debtor and a non-debtor:

> This Court's decision in *In re Salem* has been cited for the proposition that "when [a] plaintiff alleges liability resulting from the joint conduct of the debtor and non-debtor defendants, bankruptcy jurisdiction exists over all claims under section 1334." *In re Wood*, 825 F.2d at 94 (citing *In re Salem*, 783 F.2d at 634). *In re Wood* involved a dispute among the directors/stockholders of a medical clinic. Dr. Arthur Wood, III sued Dr. and Mrs. James Wood and Woodrow Barham for the wrongful appropriation of corporate assets. Before the filing of Dr. Arthur Wood's single complaint against all three defendants, Dr. and Mrs. James Wood had filed a Chapter 11 petition. A dispute subsequently ensued as to whether the entire matter fell within bankruptcy jurisdiction. The Fifth

> Circuit held that the "complaint [was] sufficiently related to the pending bankruptcy to allow the district court to exercise jurisdiction under section 1334." *In re Wood*, 825 F.2d at 93.

*In re Dow Corning Corp.*, 86 F.3d at 492.

39. Here, the Counts that Mrs. Cluchey seeks to dismiss assert joint claims against both her and Mr. Cluchey. Under *Dow Corning Corp.*, *Salem*, and *Wood*, this Court without a doubt has jurisdiction to adjudicate WEI's claims against Mrs. Cluchey. Moreover, in accordance with the Supreme Court of the United States' ruling in *Stern*, "where nothing further remains to be adjudicated with respect to an affirmative claim after the resolution of an issue properly decided under an Article I court's summary jurisdiction, the bankruptcy court may award affirmative relief otherwise only available in a plenary suit." *Harvey v. Dambowsky (In re Dambowsky)*, 526 B.R. 590, 597 n.6 (Bankr. M.D.N.C. 2015) (citing *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 2615-18, 180 L.Ed.2d 475 (2011) (citing *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); and *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (*per curiam*)), and observing that such an additional plenary suit "would be a meaningless gesture").

40. The case law relied upon by Mrs. Cluchey in her Motion to Dismiss recognizes that even a suit between third parties—a third-party complaint filed by a defendant—can be "related to" a bankruptcy case if it will have some effect on the estate. *See, e.g.*, *Miller v. Bruemmer (In re Bruemmer Dev., LLC)*, 515 B.R. 551, 556 (Bankr. E.D. Mich. 2014) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) for the proposition that " 'related to' proceedings include even 'suits between third parties which have an effect on the bankruptcy estate[,]' " but finding that the outcome of third-party claims asserted by defendants to a trustee's action to avoid and recover fraudulent conveyances, against a third-party, would have "no conceivable effect on the estate being administered in this Chapter 7 bankruptcy case").

41. Whether this Court has subject matter jurisdiction is governed by 28 U.S.C. § 1334(b) and the "conceivable effects" test adopted by the Sixth Circuit, not Rule 7001 of the Bankruptcy Rules. In the instant case, which does not involve a third-party complaint, this Court undoubtedly has subject matter jurisdiction over the claims asserted by WEI in Counts IV through VII. While Mrs. Cluchey disputes the proper procedure by which to determine the Joint Claim and Counts IV through VII, there is no question that these claims could have an effect on the administration of Mr. Cluchey's estate vis-à-vis an objection to his tenancy-by-the-entireties exemption and liquidation of his residence (or recovery of funds) that would then be available for distribution to Plaintiff, WEI, as the holder of joint claims This squarely contradicts the case law cited in the Motion to Dismiss. *See, e.g.*, *Swain*, 437 B.R. at 562 (cited in the Motion to Dismiss for the proposition that where the outcome of the dispute will not result in creditors receiving a distribution the Court may lack subject matter jurisdiction, and involving a discharged chapter 7 debtor's action, in a no-asset case, seeking a declaration that she did not owe the IRS a debt for unpaid withholding taxes).

42. Plaintiff, WEI, asserted its claims within this adversary proceeding because: (a) they are inextricably intertwined with the dischargeability claims asserted against Mr. Cluchey, revolving around the same facts, (b) to ensure that Plaintiff, WEI preserved its claims against Mr. and Mrs. Cluchey under the applicable provisions of Michigan's enactment of the UVTA, in addition to filing the Joint Claim, and (c) in order to ensure that there would be no dispute that this Court has jurisdiction over Mrs. Cluchey, a non-filing spouse, in order to adjudicate the Joint Claim against her. In this context, the procedural safeguards of an adversary proceeding are warranted.

43. Finally, should an objection be filed to the Joint Claim, then the most efficient approach would be to consolidate that contested matter with this adversary proceeding pursuant to

Rule 42(a) of the Civil Rules, along with Rules 7016, 7042, and 9014 of the Bankruptcy Rules. *See, e.g.*, *In re Miller*, 459 B.R. 657, 670 (B.A.P. 6th Cir. 2011), *aff'd*, 513 F. App'x 566 (6th Cir. 2013) (consolidating matters for a single hearing pursuant to Rules 7016, 7042, and 9014).

**III. The Court Should Deny Mrs. Cluchey's Motion to Dismiss To the Extent She Seeks to Incorporate Mr. Cluchey's Motion to Dismiss by Reference**

44. Mrs. Cluchey's Motion to Dismiss indicates that she joins in all of the arguments set forth in Mr. Cluchey's motion to dismiss (Dkt. No. 11).

45. WEI hereby incorporates by reference all of the arguments set forth in its Response to Mr. Cluchey's Motion to Dismiss (Dkt. No. 11), which is filed contemporaneously herewith.

46. For the reasons set forth therein, this Court has jurisdiction under well-established Sixth Circuit precedent. *In re McLaren*, 3 F.3d 958, 965 (6th Cir. 1993); *State of Michigan v. Green (In re Green)*, 556 B.R. 853, 858 (Bankr. W.D. Mich. 2016) (noting that the court has "constitutional authority to enter a final money judgment in a dischargeability action") (citing *Hart v. Southern Heritage Bank (In re Hart)*, 564 F. App'x 773, 776 (6th Cir. 2014) (unpublished)); *see also Vande Ryt v. Peace (In re Peace)*, 546 B.R. 65, 69 (Bankr. S.D. Ohio 2015) (observing that the threshold issue when a prepetition claim is unliquidated is whether a debt exists, which bankruptcy courts in the Sixth Circuit possess jurisdiction to determine) (citing *McLaren*); *In re Hatch*, 465 B.R. 479, 482 (Bankr. W.D. Mich. 2012); *In re Russell*, 463 B.R. 464, 467 (Bankr. W.D. Mich. 2012); *In re Marks*, No. AP 14-80301, 2015 WL 471608, at *2 (Bankr. W.D. Mich. 2015). And Mr. Cluchey's Motion to Dismiss (Dkt. No. 11) lacks any basis in law and should be denied in its entirety.

47. Further, to the extent the Court might be inclined to entertain the arguments set for in the Introduction to Answer in Mr. Cluchey's Answer, the detailed nature of the Complaint is in no way a ground for a more definitive statement. And on this point, WEI also incorporates by

reference herein its Response to the Motion to Dismiss filed by Mr. Cluchey (Dkt. No. 11) that is being filed contemporaneously with this Response to the Motion to Dismiss filed by Mrs. Cluchey.

**Conclusion**

WHEREFORE, Plaintiff, WEI, respectfully requests that this Court deny the Motion to Dismiss in its entirety as the Court has subject matter jurisdiction over Counts IV through VII of this adversary proceeding, which are asserted jointly against Mr. and Mrs. Cluchey, under applicable Sixth Circuit precedent, which are inextricably intertwined with the tenancy-by-the-entireties exemption asserted by Mr. Cluchey, the administration of his estate to which Plaintiff, WEI is the only substantive creditor, and the establishment of the total amount of his personal liability to be held nondischargeable.

ICE MILLER LLP

Dated: July 9, 2021

/s/ Tyson A. Crist

Tyson A. Crist
John C. Cannizzaro
250 West Street, Suite 700
Columbus, OH 43215
Phone: (614) 462-2243
Fax: (614) 224-3266
tyson.crist@icemiller.com
john.cannizzaro@icemiller.com

*Counsel for Plaintiff,*
*World Energy Innovations, LLC,*
*f/d/b/a Worthington Energy Innovations, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2021, the foregoing *PLAINTIFF'S RESPONSE IN OBJECTION TO DEFENDANT SHERRY D. CLUCHEY'S MOTION TO DISMISS COUNT IV, COUNT V, COUNT VI, AND COUNT VII* was filed electronically with the Clerk using the Court's CM/ECF system, which sent notification of such filing to all counsel of record, at the following addresses:

- **Steven Mark Bylenga** steve@cbhattorneys.com, nikki@chasebylenga.com, molly@cbhattorneys.com, teresa@chasebylenga.com, kelly@cbhattorneys.com, 1140866420@filings.docketbird.com, bylengasr74219@notify.bestcase.com, jo@cbhattorneys.com, jsw@cbhattorneys.com

- **Robert F. Wardrop** bkfilings@wardroplaw.com, bkrfilings@wardroplaw.com, bkwalfilings@wardroplaw.com

And I hereby further certify that on July 9, 2021, copies of the foregoing *PLAINTIFF'S RESPONSE IN OBJECTION TO DEFENDANT SHERRY D. CLUCHEY'S MOTION TO DISMISS COUNT IV, COUNT V, COUNT VI, AND COUNT VII* were served by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Larry Allen Cluchey
7095 Mindew Drive SW
Byron Center, MI 49315

Sherry D. Cluchey
7095 Mindew Drive SW
Byron Center, MI 49315

Office of the U.S. Trustee
The Ledyard Building, 2nd Floor
125 Ottawa NW, Suite 200R
Grand Rapids, MI 49503

ICE MILLER LLP

Dated: July 9, 2021

/s/ Tyson A. Crist

Tyson A. Crist
John C. Cannizzaro
250 West Street, Suite 700
Columbus, OH 43215
Phone: (614) 462-2243
Fax: (614) 224-3266
tyson.crist@icemiller.com
john.cannizzaro@icemiller.com

*Counsel for Plaintiff,*
*World Energy Innovations, LLC,*
*f/d/b/a Worthington Energy Innovations, LLC*