# Exhibit A

Joint Claim

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | CLUCHEY, LARRY ALLEN |
| Debtor 2 (Spouse, if filing) | Sherry D. Cluchey (non-filing spouse) |
| United States Bankruptcy Court for the: | Western District of Michigan |
| Case number | 21-00524 jwb |

# JOINT CLAIM

**(Includes only joint claim amount)**

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. Who is the current creditor? | World Energy Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor   Worthington Energy Innovations, LLC | |
| 2. Has this claim been acquired from someone else? | ☑ No | |
| | ☐ Yes.  From whom? _____ | |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Ice Miller LLP, ATTN: Tyson A. Crist, Esq. <br> Name | Name |
| | 250 West Street, Suite 700 <br> Number     Street | Number     Street |
| | Columbus            OH        43215 <br> City          State        ZIP Code | City          State        ZIP Code |
| | Contact phone  614-462-2243 | Contact phone |
| | Contact email  tyson.crist@icemiller.com | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |

| 4. Does this claim amend one already filed? | ☑ No | |
|---|---|---|
| | ☐ Yes.  Claim number on court claims registry (if known) _____ | Filed on _____ <br> MM  / DD  / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
|---|---|
| | ☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____ 73,617.43* . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

*Plus additional, presently unknown joint claim amounts to be determined.

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

SEE:  Addendum attached.  NOTE:  This is only a "Joint Claim."

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $ _____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   05/13/2021
                   MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| | | |
|---|---|---|
| Name | Russ | Kiser |
| | First name        Middle name | Last name |
| Title | General Manager | |
| Company | World Energy Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | 504 Liberty Street | |
| | Number        Street | |
| | Freemont | OH        43420 |
| | City | State        ZIP Code |
| Contact phone | 419-333-2110 | Email   russ.kiser@wei.energy |

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

In re:                                      )        Chapter 7
                                            )
LARRY ALLEN CLUCHEY,                        )        Case No. 21-00524-jwb
                                            )
                Debtor.                     )        Hon. James W. Boyd
_____ )

### ADDENDUM TO JOINT CLAIM

Now comes Creditor, World Energy Innovations, LLC, formerly doing business as Worthington Energy Innovations, LLC ("WEI") and hereby submits its Joint Proof of Claim ("Joint Claim") in the Chapter 7 bankruptcy case of Larry Allen Cluchey (the "Debtor" or "Mr. Cluchey").  On April 27, 2021, Chapter 7 Trustee, Marcia R. Meoli (the "Trustee") filed a Joint Claims Notice (Dkt. No. 23), which directed that any "joint claim" (joint debt) owed by the Debtor and his spouse, Sherry D. Cluchey ("Mrs. Cluchey") be filed within 45 days, and to mark any such claim "joint claim".

Contemporaneous with filing this Joint Claim, on May 14, 2021, WEI filed its Complaint For Money Judgment, to Avoid and Recover Voidable Transactions and Determine Joint Debt, and to Determine Dischargeability of Debt (the "Complaint"), which initiated Adversary Proceeding No. 21-80053-jwb (the "Adversary Proceeding").  A copy of the Complaint and the Exhibits thereto are attached as Exhibit A to this Joint Claim and are expressly incorporated by reference.  Through the Adversary Proceeding, WEI seeks to, among other things, liquidate the amount of the joint claims, obtain a determination of the joint debt, and obtain a money judgment for the joint claims that it holds against Mr. Cluchey and Mrs. Cluchey.

WEI is a creditor of, and holds a Final Judgment against, American Research Products, Inc. ("ARP").  The Final ARP Judgment (as defined in the Complaint) was entered in the District Court Action (also as defined in the Complaint) on April 22, 2021, solely against ARP for the

amount of $1,938,150.27, and is attached to the Complaint. As described in Counts IV, V, VI, and VII of the Complaint, Mr. Cluchey caused his wholly owned alter ego business entity, ARP, to transfer assets from ARP to or for the benefit of himself and Mrs. Cluchey, which are voidable and recoverable under the Michigan Uniform Voidable Transactions Act (the "UVTA").

WEI has identified the following transfers of ARP's assets made to or for the benefit of both Mr. Cluchey and Mrs. Cluchey that may be, upon information and belief, avoidable under the UVTA and jointly recoverable from Mr. Cluchey and Mrs. Cluchey, as the insiders of ARP for whose benefit the transfers were made, as more fully set forth in the Complaint which is incorporated by reference in this Joint Claim:

- Transfers totaling $73,617.43, which are comprised of $1,809.76 in minimum (i.e., interest) payments on, and a $71,807.67 payoff of, Mr. Cluchey and Mrs. Cluchey's second home equity line of credit with Comerica Bank, account number xxxxxxx1128, which was secured by a Home Equity Mortgage (Line) to Comerica Bank against Mr. Cluchey's and Mrs. Cluchey's interests in their current residence, 7095 Mindew Drive SW, Byron Center, Michigan 49315 (Kent County), Parcel Number 41-21-10-281-021, which was recorded with the Kent County, Michigan Register of Deeds Office on August 15, 2019, as Document Number 201908150060734 and has since been cancelled and discharged as paid in full through a Discharge of Mortgages dated and recorded with the Kent County, Michigan Register of Deeds Office on September 6, 2019 as Document Number 201909060067483. These transfers benefitted both Mr. and Mrs. Cluchey by eliminating their personal liability on the Second HELOC (as defined in the Complaint) and by increasing their equity in their residence, which Mr. Cluchey has sought to exempt in his chapter 7 bankruptcy pursuant to Mich. Comp. Laws § 600.5451(1)(n).

- Transfers, in an amount to be determined, from ARP to American Express for the benefit of Mr. Cluchey and/or Mrs. Cluchey on account of the American Express Business Gold Rewards credit card in ARP's name, account ending x-x1009 (the "ARP AmEx"), and/or the American Express Gold Delta SkyMiles credit card in Mr. Cluchey's name, account ending x-x1001 (the "Cluchey AmEx"), each of which Mr. Cluchey used to pay personal expenses, including upon information and belief, certain of the personal, family, and household expenses of Mr. Cluchey and/or Mrs. Cluchey.

In addition, as to both Mr. and Mrs. Cluchey, WEI seeks to recover, through the Complaint, all pre- and post-judgment interest at the maximum rate to which WEI is entitled under law.

This Joint Claim is made without prejudice to, and WEI expressly reserves, all other rights, claims, demands, and remedies available to WEI, at law or in equity. For the avoidance of doubt, the stated amount of this Joint Claim, as set forth in Part 2, Item 7, **only includes amounts owed jointly by Mr. Cluchey and Mrs. Cluchey**, and does **not** include amounts owed solely by Mr. Cluchey. The Trustee has not yet issued a notice of assets and possible dividend under Fed. R. Bankr. P. 3002(c)(5), such that there presently is no deadline to file proofs of claim; moreover, the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline (Dkt. No. 2) issued on March 2, 2021 instructed creditors to not file a proof of claim. Accordingly, the amount of this Joint Claim does not encompass claims that WEI may be able to and has asserted against Mr. Cluchey in the Complaint, and WEI expressly reserves the right to file a proof of claim for any other amounts Mr. Cluchey owes to WEI that are not described in this Joint Claim. The attached Complaint and the attachments thereto attached as Exhibit A to this Joint Claim, however, do also set forth the claims presently asserted against Mr. Cluchey, by which WEI is seeking to hold him personally liable for the debt of ARP to WEI in the amount of $1,938,150.27, plus further damages that continue to accrue as WEI works to complete the Project (as defined in the Complaint), plus exemplary damages, including reasonable attorney's fees, on Counts I, II, and III. WEI expressly reserves the right to file a proof of claim for the amounts owed solely by Mr. Cluchey by the applicable deadline once set under Fed. R. Bankr. P. 3002(c)(5).

WEI is continuing to investigate its claims against Mr. Cluchey and Mrs. Cluchey and WEI expressly reserves the right to amend and supplement this Joint Claim in any and all respects, whether to assert any and all additional amounts found to be jointly owing by Mr. Cluchey and Mrs. Cluchey to WEI or otherwise. Moreover, WEI expressly reserves the right to object to the exemptions asserted by Mr. Cluchey in his chapter 7 bankruptcy case.

3

The execution and filings of this Joint Claim does not constitute a waiver of any rights of WEI, including, without limitation, (i) the right to move to withdraw the reference, (ii) any right to trial by jury or any right to the adjudication of matters by an Article III or state court, and (iii) the right to amend and supplement this Joint Claim as WEI deems necessary.

4