UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

LARRY ALLEN CLUCHEY,

                 Debtor.

Case No. 21-00524-jwb

Chapter 7

_____/

WORLD ENERGY INNOVATIONS,
LLC, f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC,

                 Plaintiff,

    v.

LARRY ALLEN CLUCHEY and
SHERRY D. CLUCHEY,

                 Defendants.

_____/

Adversary Proceeding No. 21-80053-jwb

**PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO
DEFENDANT SHERRY D. CLUCHEY'S MOTION TO DISMISS COUNT IV,
COUNT V, COUNT VI, AND COUNT VII**

On July 20, 2021, the Court held a hearing (the "Hearing") on the Motion to Dismiss Count IV, Count V, Count VI, and Count VII (Dkt. No. 18) (the "Motion to Dismiss") filed by Defendant Sherry D. Cluchey ("Mrs. Cluchey") and the Response in Opposition to the Motion to Dismiss (Dkt. No. 22) (the "Response") filed by Plaintiff World Energy Innovations, LLC, formerly doing business as Worthington Energy Innovations, LLC ("WEI"). At the Hearing, the Court ordered the parties to file supplemental briefs on the Sixth Circuit's decision in *Holley v. Corcoran (In re Holley)*, 661 F. App'x 391, 396 (6th Cir. 2016), and scheduled a continued hearing for September 16, 2021. For its supplemental brief, WEI states as follows:

4850-7638-1945.5

## I. The Court has "related to" jurisdiction over the claims against Mrs. Cluchey because a determination of those claims will necessarily affect the administration of Mr. Cluchey's bankruptcy estate.

1. As explained in WEI's Response to the Motion to Dismiss, which WEI incorporates by reference, this Court has "related to" jurisdiction over WEI's claims against Mrs. Cluchey because a determination of those claims could conceivably (and in fact will) affect the administration of the bankruptcy estate of Mr. Cluchey.[1] *See Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1144 (6th Cir. 1991) (citing *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3rd Cir. 1984)) (a bankruptcy court has jurisdiction over any claim that could conceivably (not definitely) affect "the debtor's rights, liabilities, options, or freedom of action (either positively or negative) and which in any way impacts upon the handling and administration of the bankruptcy estate."). Counsel for Mrs. Cluchey admitted at the Hearing that determination of the claims asserted jointly against Mr. and Mrs. Cluchey relate to and would have a conceivable effect upon administration of the estate. And the Court observed that there probably is jurisdiction because of the conceivable effect.

2. Here, the Court has "related to" jurisdiction for two distinct yet equally sufficient reasons. First, adjudication of the claims in the Complaint will determine WEI's Joint Claim against Mr. and Mrs. Cluchey, which will directly impact any objection to the tenancy-by-the-entireties exemption claimed by Mr. Cluchey. *See* Response at ¶ 34. And second, based on the nature of the claims asserted against Mr. and Mrs. Cluchey, a determination of liability as to one will necessarily determine liability as to the other, which is an independent basis for "related to" jurisdiction. *See* Response at ¶ 35.

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Response.

2

3. At the Hearing, the Court discussed the Sixth Circuit's *Holley* decision. While acknowledging that *Holley* involved very different facts, the Court questioned whether the Trustee may sell Mr. and Mrs. Cluchey's residence and whether the Trustee could get paid her expenses of administering such a sale. As explained below, the answer to both questions is "yes." But the issues in *Holley* speak only to the first reason cited above: determination of the tenancy-by-the-entireties exemption. Even if the Court were to find that *Holley* in some way bars administration of the residence, a successful objection to Mr. Cluchey's tenancy-by-the-entireties exemption notwithstanding, this Court would still have "related to" jurisdiction because determining claims against Mrs. Cluchey will necessarily determine claims against Mr. Cluchey.

**II. Neither the *Holley* decision nor 11 U.S.C. § 522(k) prevent the Trustee from administering Mr. and Mrs. Cluchey's residence and getting paid in the event of a successful objection to the tenancy-by-the-entireties exemption.**

4. *Holley* has an odd procedural history. The case involves an appeal from an order denying an objection to a trustee's final report. *See* Opinion Regarding Issue of the Impact on the Payment of Administrative Fees When Claims Administered by the Chapter 7 Trustee are Secured Only, *In re Holley*, Bankr. E.D. Mich. Case No. 12-33873, Doc. No. 361, attached as **Exhibit A** hereto. Mr. Holley and Mrs. Monson-Holley jointly owned a residence in Michigan as tenants by the entirety. In 2012, Mr. Holley filed an individual Chapter 7. In that case, Mr. Holley exempted the residence using Michigan's tenancy-by-the-entireties exemption. Mrs. Monson-Holley then filed her own Chapter 13, also asserting a tenancy-by-the-entireties exemption in the residence. Mrs. Monson-Holley's case was ultimately converted to Chapter 7, and the two were ordered jointly administered.

5. At first, the debtors each scheduled a joint unsecured creditor, Ms. D'Luge. But the debtors later learned that Ms. D'Luge held a valid mortgage on their residence and amended

3

their schedules to list the property as secured. The debtors then amended their exemptions, again claiming the tenancy-by-the-entireties exemption. The trustee objected to the exemption.

6. While the objection was pending, the Trustee sought to sell the residence. The debtors stipulated to the sale of the property on the condition that it be sold at a reduced price to the debtor's preferred bidder, which would allow the debtors to lease the property back (an unusual choice given the exemption and pending objection). About seven months after approving the sale, the court overruled the objection.

7. At the end of the case, the trustee filed a final report seeking to pay her administrative expenses from the proceeds of the sale of the residence. The debtors objected, asserting that administrative expenses (like the trustee's) could only be paid from assets administered for the benefit of unsecured creditors and not from the proceeds of a sale that benefited only a secured creditor. And because the proceeds of the sale were fully exempt, those proceeds could only be used to pay secured creditors, not administrative or unsecured claims. The bankruptcy court overruled the objection, finding that the debtors "received the full value of their exemption" by their stipulating to a sale at a lower price so they could remain in the property.

8. On appeal, the Sixth Circuit reversed the bankruptcy court. Citing section 522(k) of the Bankruptcy Code, the Sixth Circuit held that a trustee cannot be paid out of the proceeds of the sale of a debtor's residence when the debtors have validly asserted a tenancy-by-the-entireties exemption to which there is no valid objection. *Holley*, 661 F. App'x at 395. Section 522(k) provides that exempt property cannot be used to pay administrative expenses (except in certain circumstances not relevant in *Holley*). 11 U.S.C. § 522(k). Because Michigan law holds the entire value of property exempt under the tenancy-by-the-entireties exemption, absent a valid joint

unsecured claim and objection to the exemption, no proceeds could be used to pay unsecured creditors or the trustee.

9. This case is not like *Holley* for two reasons. First, the claims asserted in the Complaint and in WEI's Joint Claim against Mr. and Mrs. Cluchey are not secured. So unlike the claim of Ms. D'Luge in *Holley*, the Joint Claim can be used as a basis to object to the tenancy-by-the-entireties exemption.

10. Second, since WEI has an unsecured joint claim, an objection to the tenancy-by-the-entireties exemption should be granted, which will enable the Trustee to administer the estate's interest in the residence.

11. WEI holds a significant joint unsecured claim against the Debtor. That joint claim arises from Mr. and Mrs. Cluchey's receipt of a fraudulent transfer from Mr. Cluchey's alter-ego business, which they used to pay off the only mortgage on their residence before bankruptcy. As a result, the entireties property at issue is wholly unencumbered.

12. After a successful objection to the exemption, there will be unexempt equity in Mr. and Mrs. Cluchey's residence equal to the value of the Joint Claim (unlike the residence in *Holley*, which was found to be fully exempt). The Trustee will thus be able to administer Mr. and Mrs. Cluchey's residence for the benefit of WEI, the only creditor who has asserted a joint claim.

13. As for payment of the Trustee's expenses, section 522(k) only applies to exempt property and the proceeds thereof. Because the Trustee would be administering unexempt equity, section 522(k) would not bar payment of her administrative claims from the proceeds available for distribution to unsecured creditors.

14. In short, *Holley* presents the rare circumstance in which a court permitted a trustee to sell fully exempt property only for the benefit of a secured creditor, which rendered the proceeds

unavailable to pay the claims of the trustee or unsecured creditors. In this adversary proceeding, if WEI establishes its joint unsecured claims against Mr. and Mrs. Cluchey, then an objection to the tenancy-by-the-entireties objection should be sustained, and there will be unexempt equity in the residence that the Trustee can administer for WEI's benefit. This adversary proceeding will therefore have at least a "conceivable effect," if not a significant actual effect, on Mr. Cluchey's bankruptcy estate, and the Court can exercise "related to" jurisdiction over the claims asserted in Counts IV through VII of the Complaint against Mrs. Cluchey.

15. It is also worth noting that along with his residence, Mr. Cluchey jointly owns another condominium, also wholly unencumbered, with his sister (with whom he has also jointly owned bank accounts). Even if section 522(k) somehow applied to the unexempt equity in the entireties property, the Trustee still has another source of funds to pay her expenses of administration.

**III. Even if the Court were to find that *Holley* or section 522(k) prevent the Trustee from administering Mr. and Mrs. Cluchey's residence, the Court still has "related to" jurisdiction.**

16. In its Complaint, WEI has asserted claims against a debtor, Mr. Cluchey, and a non-debtor, Mrs. Cluchey.

17. As explained in WEI's Response to the Motion to Dismiss, the Sixth Circuit has expressly found that "related to" jurisdiction exists in such a situation. Response as ¶ 38 (quoting *In re Dow Corning Corp.*, 86 F.3d 482, 492 (6th Cir. 1996), *as amended on denial of reh'g and reh'g en banc* (June 3, 1996)). Although *Dow Corning* involved slightly different circumstances, the claims asserted in Counts IV through VII of the Complaint involve the joint liability of a debtor and non-debtor, and the resolution of a claim against one will necessarily resolve the claim against the other (and therefore the bankruptcy estate).

4850-7638-1945.5

18. Since the residence is not the only asset the Trustee is trying to administer in this case, there will likely be a distribution to unsecured creditors. And as counsel for the Debtor admitted at the Hearing, WEI is substantively the only creditor, its claim being at least 99.5% of the debt. In fact, only two other claims have been filed to date, totaling only a few hundred dollars. *See* Claim No. 2, filed by American Express National Bank for $174.00 and Claim No. 3, filed by Citibank, N.A. for $149.62. WEI has already filed its Joint Claim (Claim No. 1 in the amount of at least $73,617.43), has filed this adversary proceeding, and will shortly be filing a proof of claim for the non-joint amounts of at least $1,938,150.27, the minimum amount for which WEI seeks judgment against Mr. Cluchey individually in Counts I, II, and III of the Complaint. A determination of the validity of the claims against Mr. and Mrs. Cluchey will conceivably (and in fact, will actually) affect the bankruptcy estate. As a result, the Court has "related to" jurisdiction.

## Conclusion

WHEREFORE, WEI respectfully requests that this Court deny the Motion to Dismiss in its entirety.

Dated: September 2, 2021

*/s/ John C. Cannizzaro*
Tyson A. Crist
John C. Cannizzaro
**ICE MILLER LLP**
250 West Street, Suite 700
Columbus, OH 43215
Phone: 614.462.2700
Fax: 614.462.5135
tyson.crist@icemiller.com
john.cannizzaro@icemiller.com

*Counsel for Plaintiff,*
*World Energy Innovations, LLC,*
*f/d/b/a Worthington Energy Innovations, LLC*

4850-7638-1945.5