UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

LARRY ALLEN CLUCHEY,

                Debtor.
_____/

WORLD ENERGY INNOVATIONS,
LLC, f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC,

                Plaintiff

    v.

LARRY ALLEN CLUCHEY,

SHERRY D. CLUCHEY,

                Defendants.
_____/

Case No. 21-00524-jwb

Chapter 7

Adversary Proceeding No. 21-80053

## DEFENDANT SHERRY D. CLUCHEY'S SUPPLEMENTAL BRIEF IN SUPPORT OF HER MOTION TO DISMISS COUNT IV, COUNT V, COUNT VI, AND COUNT VII

NOW COMES Defendant Sherry D. Cluchey ("Mrs. Cluchey"), by and through her attorneys, CBH Attorneys & Counselors, PLLC, and for her Supplemental Brief in Support of her Motion to Dismiss Counts IV, V, VI, and VII of Plaintiff World Energy Innovations, LLC's ("WEI") complaint against her, states as follows:

**I.    Background**

On March 2, 2021, Debtor Defendant Larry Allen Cluchey ("Mr. Cluchey") filed for protection under Chapter 7 of the United States Bankruptcy Code. Mr. Cluchey is an owner and President of American Research Products, Inc. ("ARP"), a Michigan corporation. See Complaint, ¶ 47. WEI is a judgment creditor of ARP. *Id.* at ¶ 156. Mrs. Cluchey did not file for bankruptcy

protection and had little to no involvement in ARP. *Id.* at ¶ 10 (referring to ARP as "Mr. Cluchey's wholly owned alter ego business entity").

Pursuant to this Adversary Proceeding, WEI brings 10 Counts. Specifically, as against Mrs. Cluchey, WEI brings Count IV for Violations of the Michigan Uniform Voidable Transactions Act ("MUVTA") under MCL 566.34(1)(a); Count V for violations of MUVTA under MCL 566.34(1)(b); Count VI for violations of MUVTA under MCL 566.35(1); and Count VII for violations of MUVTA under MCL 566.35(2). Mrs. Cluchey is not a debtor. The claims are purely based in state law.

On June 14, 2021, Mrs. Cluchey filed a Motion to Dismiss WEI's adversary proceeding against her under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012(b). On July 20, 2021, the Court heard oral arguments on Mrs. Cluchey's Motion to Dismiss. At the hearing, the Court requested that the parties supplement their arguments regarding the impact of the Sixth Circuit's holding in *Holley v. Corcoran (In re Holley)*, 651 Fed. Appx. 391 (6th Cir. 2016), on this Court's jurisdiction. As a result of the Sixth Circuit's holding in *In re Holley*, it is administratively impossible under the Bankruptcy Code for the Chapter 7 Trustee to liquidate Mr. and Mrs. Cluchey's home that is exempt as a result of Michigan's tenancy by the entities scheme ("TBE"). Because it is administratively impossible for the Trustee to liquidate the real property, WEI's claims can have no "conceivable effect" on Mr. Cluchey's bankruptcy estate and, therefore, this Court lacks subject matter jurisdiction. See *Michigan Employ Sec. Comm'n v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1142 (6th Cir. 1991); 28 U.S.C. § 1334(b).

II.  **Arguments**

In *In re Holley*, 651 Fed. Appx. at 396, the Sixth Circuit concluded that a Chapter 7 Trustee

cannot pay her administrative expenses from the proceeds of the sale of real property that is protected by TBE. In other words, the Court concluded that a Trustee cannot surcharge property exempt under Michigan's TBE to pay for the administrative costs necessary to liquidate the property to pay any joint claims. *Id.* In so doing, the Sixth Circuit noted that 11 U.S.C. § 522(k) "prohibits a bankruptcy court from charging exempt property for administrative expenses." *In re Holley*, 661 Fed. Appx. at 396. The Court furth explained that Michigan's TBE scheme under MCL § 600.5451(1)(n) "protect[s] the entire value of" a TBE property, which is the "case proceeds from [a] property's liquidation at [a] sale—minus deductions for those sums due to joint creditors." *In re Holley*, 661 Fed. Appx. at 396, citing *Law v. Siegel*, 571 U.S. 415, 418 (2014). Thus, the Court concluded, that, under the Bankruptcy Code, it is unlawful to "award any of the exempt Property's equity to pay the Trustee's fees." *In re Holley*, 661 Fed. Appx. at 396.

As further explained herein, the administrative restrictions imposed by the Bankruptcy Code, as explained in *In re Holley*, prevent the Chapter 7 Trustee in Mr. Cluchey's estate from: (1) paying administrative expenses from the proceeds of the sale of a TBE property; (2) seeking to pay administrative expenses incurred through the liquidation of TBE property from non-exempt assets; or (3) paying administrative expenses through a negotiated "carve out" with a joint creditor. Accordingly, it is administratively impossible for the Chapter 7 Trustee to liquidate the real property. Because it is administratively impossible to liquidate the TBE property, regardless of whether WEI can establish a debt against Ms. Cluchey, the establishment of a joint debt would have no "conceivable effect" on Mr. Cluchey's bankruptcy estate. Thus, WEI's claims are not "related to" Mr. Cluchey's bankruptcy and this Court lacks subject matter jurisdiction. 28 U.S.C. §1334(b)

### a. The Trustee Cannot Administer Mr. Cluchey's Real Property Claimed as Exempt Under Michigan's Tenancy by the Entireties Exemption

Prior to administering a case as an asset case under Chapter 7 of the Bankruptcy Code, a Chapter 7 Trustee must establish that sufficient funds will be generated through the administration of the estate to make a meaningful distribution to creditors, including unsecured priority creditors. *Handbook for Chapter 7 Trustee(d)(4)(a)*. In administering a case, the Chapter 7 Trustee incurs administrative costs, including costs of sale, trustee commission, trustee administrative costs, and trustee's attorneys' fees. As set forth above, in the context of a property protected by Michigan's TBE, the Trustee cannot fund these administrative costs through the sale of property protected by TBE. *In re Holley*, 691 Fed. Appx. at 396.

Thus, as established in *In re Holley*, it is administratively impossible under the Bankruptcy Code for the Chapter 7 trustee in Mr. Cluchey's Chapter 7 bankruptcy to liquidate Mr. Cluchey's real property to pay the joint claim.[1] That is, even assuming WEI has a joint claim against Mr. and Mrs. Cluchey, because the Trustee is precluded from paying her administration fees from the sale of TBE proceeds, there is no basis for the trustee to liquidate the property protected by TBE, as it would only create administrative expenses that the estate must fund. Therefore, even if WEI establishes a joint claim against Mr. and Mrs. Cluchey, the Trustee will be unable to sell the property protected by the TBE and, accordingly, there can be no conceivable effect on Mr. Cluchey's bankruptcy estate. This Court lacks subject matter jurisdiction.

### b. The Trustee Cannot Surcharge Other Creditors to Recover Funds Solely for WEI

11 U.S.C. § 726 ensures an equitable distribution of an estate's assets. As set forth above,

---

[1] The Debtor reserves the right to challenge the Trustee's authority to sell jointly held property. In *Holley*, the Chapter 7 Trustee sold the debtors' joint property in a jointly administered bankruptcy where both spouses had availed themselves of the Bankruptcy Court. Furthermore, in Holley the debtors stipulated to the sale of the real property. Mrs. Cluchey has not and will not stipulate to the sale of her residence.

4

under *In re Holley*, a Chapter 7 Trustee cannot surcharge administrative expenses to the proceeds of the sale of a TBE property. Thus, a Chapter 7 Trustee cannot incur administrative expenses that make the bankruptcy estate insolvent solely to pass TBE sale proceeds to a joint estate creditor, as it would mitigate the equitable distribution of the estate. That is, a Chapter 7 Trustee cannot administrate the sale of a TBE property where said administration would negatively affect the bankruptcy estate.

Accordingly, in the present case, the Chapter 7 Trustee cannot surcharge the administrative expenses incurred by her in the liquidation of TBE property to the non-exempt assets of the bankruptcy estate. In other words, it is administratively impossible for the Chapter 7 Trustee to sell Mr. and Mrs. Cluchey's TBE property without violating the Bankruptcy Code. For instance, assume a Trustee has two potential assets to liquidate: (1) real property claimed as exempt under TBE, and (2) unexempt monetary fund of $10,000.00. Further assume that the Trustee would incur administrative time and costs of $2,000.00 to recover and distribute the $10,000.00 of non-exempt cash to creditors. In this example, the creditors would receive distributions from the cash assets of $8,000.00. If, instead, the Trustee spends an additional $3,000.00 of administrative costs to liquidate property claimed as exempt under TBE, then the result is that the remaining creditors without a joint claim are surcharged the additional $3,000.00 for actions that solely benefit the Trustee and the sole joint creditor. Reducing the distribution to multiple creditors to benefit one creditor would violate 11 U.S.C. § 726.

In this case, the Trustee filed a Form 1 [DN 45], which indicates that other assets may be administered. The Trustee cannot surcharge the distributions to the other creditors from these non-exempt assets to sell joint property solely for the benefit of the Trustee, professionals retained by the Trustee, and an individual creditor, such as WEI. Accordingly, since, under *In re Holley*, the

Trustee cannot surcharge other nonexempt assets to fund the sale of the real property claimed as exempt under Michigan's TBE, the Trustee cannot administer the real property relevant in the present case (see paragraph II(a) herein). Therefore, allowing WEI to pursue its claims against Mrs. Cluchey through an adversary proceeding in Mr. Cluchey's bankruptcy proceeding will not result in a "conceivable effect" on Mr. Cluchey's bankruptcy.

### c. The Trustee Cannot Negotiate a "Carve Out" with WEI Because the Benefit to WEI Is Outweighed by the Detriment to Ms. Cluchey in Violation of 11 U.S.C. § 363(h).

If the Chapter 7 Trustee negotiated a "carve out" with WEI to avoid Holley's administrative limitations, the Trustee still could not sell Mr. Cluchey's interest in the joint real estate because the detriment to Mrs. Cluchey would outweigh the benefit to WEI. Pursuant to 11 U.S.C. § 363(h), a Chapter 7 Trustee may only sell the interest of a joint owner if: (1) the partition of the property is impracticable; (2) sale of the estate's undivided interest in such property would realize significantly less than the sale of such property free of the interest of co-owners; (3) the benefit to the estate of a sale of such property free of the interest of co-owners outweighs the detriment, if any, to such co-owners; and (4) such property is not used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light, or power. The detriment to the co-owner includes both economic and non-economic factors. *Rhiel v. Cent. Mortg. Co, (In re Kebe)*, 2014 Bankr. LEXIS 5293 (Bankr. S.D. Ohio) (internal citations omitted). Non-economic factors include psychological, emotional, and even physical detriments. *Id*. at 42. Psychological detriment includes the prospect of losing one's family home and the negative effect on a debtor's well being and the well being of the debtor's family. *Id*. at 43. In *Rhiel*, the court found that a return of 3% to 5% was outweighed by the negative impact to the non-debtor

joint owner. *Id*. at 51. See also *In re Wolk*, 668 F.3d 938, 940 (8th Cit. 2012) (estimated sales proceeds of $31,000.00 were insufficient to overcome the determinant to the co-owner); *In re Gaurhreaux*, 206 B.R. 502, 506-07 (Bankr. N.D. Ill, 1997) (estimated dividend between 50% and 75% was insufficient to overcome detriment to co-owner).

In this case, the maximum benefit to WEI from liquidating real property claimed as exempt by Mr. Cluchey under Michigan's TBE is $75,000.00. WEI is allegedly owed approximately $1,695,000.00. The sale of Mr. Cluchey's residence would necessarily include significant administrative costs such as costs to sell the real property (real estate agent commission, title insurance, etc.), trustee's commissions, trustee's attorneys' fees, and other administrative fees (bank fees, postage, etc.). Assuming <u>only</u> a 10% cost of sale, the sale would net less than a 3% recovery for WEI[2]. Practically, after the Trustee pays real estate commission and other costs of sale, trustee commissions, trustee's attorneys' fees, and other administrative expenses including bank fees, postage, etc., the net recovery to WEI would be less than $30,000.00, which would result in a recovery of less than 1.7%.

A recovery of 1.7% (or less) would not outweigh the detriment to Mrs. Cluchey of losing her house. Mrs. Cluchey is a elderly, retired woman. Her sole source of income is approximately $740.00 per month from social security. The psychological, emotional, and physical requirements for her to lose her retirement home would outweigh any minimal recovery Mr. Cluchey's Trustee could generate by liquidating Mr. Cluchey's real estate to pay joint claims. Accordingly, because the maximum sales proceeds of $75,000.00 would, under *In re Holley*, be reduced by the significant administrative costs necessary for the Trustee to liquidate Mr. Cluchey's residence, the Trustee could not liquidate Mr. Cluchey's residence under 11 U.S.C. § 363(h). Therefore,

---

[2] This calculation assumes that WEI's recovery would be reduced by $25,000.00 based on 10% cost of sale on real estate with an estimated value of $250,000.00. See Schedule A/B of Mr. Cluchey's Petition.

7

allowing WEI to pursue its claims against Mrs. Cluchey through an adversary proceeding in Mr. Cluchey's bankruptcy proceeding will not result in a "conceivable effect" on Mr. Cluchey's bankruptcy.

### III.     Conclusion

The determination of whether Mrs. Cluchey is jointly liable for counts IV through VII of WEI's complaint will not result in a "conceivable effect" on the bankruptcy estate. Accordingly, this Court lacks subject matter jurisdiction over WEI's claims against Mrs. Cluchey and the claims must be dismissed under Rule 12(b)(1).

Respectfully submitted,

CBH Attorneys & Counselors, PLLC

Dated: September 2, 2021          By:     /s/ *Steven M. Bylenga*
Steven M. Bylenga (P73492)
Andrew R. McInnis (P83626)
Attorneys for Defendant Sherry D. Cluchey
25 Division Ave S., Suite 500
Grand Rapids, MI 49503
(616) 608-3061