UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

LARRY ALLEN CLUCHEY,

    Debtor.
_____/

WORLD ENERGY INNOVATIONS, LLC,
f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC,

    Plaintiff,

v.

LARRY ALLEN CLUCHEY &
SHERRY D. CLUCHEY,

    Defendants.
_____/

Case No. BG 21-00524
Chapter 7

Adversary Proceeding
No. 21-80053

### ORDER REFERRING ADVERSARY PROCEEDING TO ALTERNATIVE DISPUTE RESOLUTION PROGRAM

PRESENT:   HONORABLE JAMES W. BOYD
                 United States Bankruptcy Judge

      The parties to this adversary proceeding have consented to the referral of this adversary proceeding to the court's Alternative Dispute Resolution Program (the "ADR Program").  See Local Bankruptcy Rules 9019-1 through 9019-23.

      NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This adversary proceeding is referred to the court's ADR Program.

2. The parties shall comply with all provisions of LBR 9019-1 through 9019-23.

3. In accordance with LBR 9019-9, the parties shall mutually agree upon the selection of Neutral(s), and the Plaintiff shall file a Notice of Selection of Neutral(s), within fourteen (14) days after entry of this referral order.  The court's list of approved Neutrals is available at: http://www.miwb.uscourts.gov/forms/list-qualified-

neutrals. If the parties cannot agree or fail to timely file a Notice of Selection of Neutral(s), the ADR Administrator shall randomly select the Neutral(s).

4. Given the Covid-19 health emergency, the court understands that counsel and parties may not be able to personally meet with each other and/or the designated neutral (mediator), or physically appear at the mediation conference.  As an alternative, the court encourages participation by videoconferencing and, if appropriate and requested by the mediator, will waive personal attendance required by LBR 9019-14 if the parties appear by videoconferencing.

5. Pursuant to LBR 9019-10, the assignment of this adversary proceeding to the ADR Program shall act to stay discovery; provided however, that discovery shall be permitted to proceed as to the issues that formed the basis of Plaintiff WEI's Motion for an Order Extending Time to Object to Entry of Discharge under 11 U.S.C. § 727(c)(1) (see Case No. 21-00524, Dkt. No. 52).  If any party wishes to proceed with other discovery, that party may file a motion with the court.

6. Notwithstanding the referral of this adversary proceeding to the ADR Program, Defendant Sherry D. Cluchey shall file an answer to the complaint by no later than **October 20, 2021**.

7. A first pretrial conference shall be held on **December 14, 2021**, at **1:00 p.m.**, at the United States Bankruptcy Court, One Division North, Courtroom B, Grand Rapids, Michigan.  If mediation is still on-going, the parties may request an adjournment of the pretrial conference.

*The court has re-opened for in-person hearings.  The parties should consult the "Remote Hearing Procedures" notice on the court's website, https://www.miwb.uscourts.gov/covid-19-notices, for information concerning court appearances.*

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon John C. Cannizzaro, Esq. and Tyson A. Crist, Esq. attorneys for the Plaintiff, Robert F. Wardrop, II, Esq., attorney for Defendant Larry Cluchey, and Steven M. Bylenga, Esq., attorney for Defendant Sherry Cluchey.

**END OF ORDER**

**IT IS SO ORDERED.**

Dated September 20, 2021

James W. Boyd
United States Bankruptcy Judge